IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS CRAMER, CHRISTA SPENCER, MATTHEW MERRILL, PAUL LORENZ, on Behalf of Themselves and all Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., and BANK OF AMERICA CORPORATION, <br><br> Defendants. | Case No. 1:12-CV-8681 |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Defendants do not contest Plaintiffs' motion for leave to file their First Amended Complaint to add Plaintiffs Matthew Merrill and Paul Lorenz as named plaintiffs. Instead, Defendants oppose Plaintiffs Spencer and Cramer remaining under this Court's jurisdiction pending resolution of the arbitration. But, the Seventh Circuit has held and the Federal Arbitration Act ("FAA") mandates that when a party requests a stay, the Court must stay rather than dismiss arbitrable claims. *Volkswagen of Am., Inc. v. Sud's of Peoria, Inc.*, 474 F.3d 966, 971 (7th Cir. 2007). Thus, Plaintiffs' motion should be granted and Plaintiff Cramer's and Spencer's claims should be stayed, along with the claims of the opt-in plaintiffs who signed arbitration agreements.

1

## I. Defendants' Additional Facts Are Irrelevant

Although irrelevant to the motion at hand, Plaintiffs need to address two material inaccuracies in Defendants' additional statement of facts. First, plaintiffs Spencer and Cramer did not "concede" their claims should be arbitrated <u>individually</u>. Rather, as Plaintiffs stated in their motion, plaintiffs Cramer and Spencer agreed only that their wage claims were subject to the Countrywide arbitration agreements. (Docs. 42, 47). In fact, they have filed a joint Demand for Arbitration as a collective action on behalf of all other mortgage origination employees whose claims were not settled in *Kelly*, who BoA classified and/or treated as exempt from the FLSA minimum wage and overtime requirements, and who executed Countrywide arbitration agreements. (*See* Ex. 1).

Second, Defendants claim that this case is entirely unrelated to the previous *Kelly* litigation and cite the original *Kelly* complaint's class definition for support. As Defendants well know, neither the litigation nor the settlement were limited to the job titles "Mortgage Loan Officers" and "Home Loan Consultants." In fact, the complaint did not mention many of the job codes Defendants eventually included on the settlement class list, including but not limited to: Reverse Mortgage Loan Consultant, Account Executive, Home Builder Account Executive, Home Finance Consultant, and numerous other job titles that did not include "Mortgage Loan Officer" and "Home Loan Consultant." (Ex. 2 Email from Barry Miller to George Hanson and Rowdy Meeks, October 12, 2011).

**II. Plaintiffs Subject to Arbitration Agreements Should Remain in this Case**

Defendants argue that Plaintiffs' motion to file an amended complaint should be denied as to plaintiffs Cramer and Spencer remaining in the case pending resolution of their arbitration and further object to plaintiffs Cramer and Spencer acting as representatives of the sub-class of opt-in plaintiffs who also signed the Countrywide arbitration agreement. But, contrary to Defendants' assertions, the FAA mandates a stay at a party's request, and the Court and the parties will benefit from the inherent time and cost savings arising from a stay.

**A. The FAA Mandates a Stay**

The FAA mandates that once it is determined that arbitration is compelled, the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." FAA, 9 U.S.C. §3. Here, Plaintiffs requested a stay of the trial of their claims in this action pending arbitration. (Doc. 42). Thus, the Court must stay the claims.

The Seventh Circuit and this District are in accord. In *Tice v. American Airlines, Inc.,* the Seventh Circuit held that "rather than dismiss the present suit, the district judge should have stayed it to await the outcome of arbitration." 288 F.3d 313, 318 (7th Cir. 2002); *see also Volkswagen of Am., Inc.,* 474 F.3d at 971 ("For arbitrable issues, a §3 stay is mandatory."); *Merit Ins. Co. v. Leatherby Ins. Co.,* 581 F.2d 137, 142 (7th Cir. 1978) ("If the agreement to arbitrate is valid the court has no further power or discretion to address the issues raised in the complaint but must order arbitration"); *General Elec. Co. v. Guiney Delivery Serv., Inc.*, 2008 WL 4790391, *3

3

(N.D. Ill. Oct. 23) (citing *Continental Cas. Co. v. Am. Nat'l. Ins. Co.*, 417 F.3d 727, 732 n.7 (7th Cir. 2005) ("when a party expressly requests a stay under 9 U.S.C. §3, the Seventh Circuit has held that the proper course of action is to stay the proceedings pending arbitration.")).

Defendants ignore the FAA and instead argue that once it is determined that claims should be arbitrated, the Court loses jurisdiction under Fed. R. Civ. P. 12(b)(1) and the claims must be dismissed. However, the cases cited by Defendants actually **support** Plaintiffs' position that the Court should issue a stay rather than a dismissal when a party has requested a stay—even within the context of a Rule 12(b)(1) motion. For example, Defendants cite *Montgomery v. Corinthian Colleges Inc.*, but there, the defendants did not seek to dismiss but instead sought to **stay** the case and compel arbitration under Rule 12(b)(1). 2011 WL 1118942, *2 (N.D. Ill. Mar. 25). The Court granted the stay. *Id.* at *7 ("For the reasons stated herein, the Court grants Defendants' Motion to Compel Individual Arbitration and Stay the Proceedings."). As Plaintiffs have requested a stay of their claims pending arbitration, this Court must stay their claims, rather than dismiss them.

Defendants rely heavily on *Johnson v. Orkin, LLC,* 2013 WL 828506, *6 (N.D. Ill. March 6). But in *Johnson* neither party sought a stay. Instead, the parties' primary dispute was over the existence of a valid arbitration agreement. *Id.* at *13-15. Several of the cases cited by *Johnson* and subsequently relied on by Defendants here are distinguishable for this same reason. *See, e.g., Hawkins v. Aid Ass'n for Lutherans*, 338 F.3d 801, 805 (7th Cir. 2003); *Reineke v. Circuit City Stores, Inc.*,

4

2004 WL 442639, *3-4 (N.D. Ill Mar. 8); *Yellow Cab Affiliation, Inc. v. N.H. Ins. Co.*, 2011 WL 307617, *3-5 (N.D. Ill. Jan. 28); *Johnson v. Universal Vin. Grp., Inc.*, 2002 WL 1968388 (N.D. Ill. Aug. 22); *LCA, Inc. v. Sharp Elecs. Corp.*, 2000 WL 1222044, *3-5 (N.D. Ill. Aug. 22); *Robert Half Int'l, Inc. v. Thompson*, 1999 WL 138849, *1 (N.D. Ill. Mar. 5). In *Johnson & Bell, Ltd. v. ASA Legal Systems,* also relied on by Defendants, the Court found the arbitration agreement was invalid, denied defendants motion to **stay** or dismiss, and **affirmed** that "Section 3 of the FAA requires the court to grant a request for a stay when there is a valid arbitration clause and to direct the parties to proceed to arbitration." 2000 WL 139473, *3, 5 (N.D. Ill. Jan. 31). All of the remaining cases cited by *Johnson* and Defendants in fact **granted a stay** and did not dismiss. *See Montgomery,* 2011 WL 1118942, at *2, *Falbe v. Dell, Inc.*, 2004 WL 1588243, *6 (N.D. Ill. July 14); *Jacobsen v. J.K. Pontiac GMC Truck, Inc.*, 2001 WL 1568817, *1 (N.D. Ill. Dec. 10).

Unlike the cases cited by Defendants, Plaintiffs here have requested a stay and do not dispute the existence of a valid arbitration agreement. Thus, this case is more similar to *Montgomery, Falbe, and Jacobsen* where a stay was requested and granted pursuant to the FAA, 9 U.S.C. §3.

Next, Defendants argue that case law favors dismissal when all claims in the litigation are subject to arbitration. Yet Defendants cite to cases where neither side requested a stay and/or the claims were brought on behalf of only one person. *See, e.g., Johnson*, 2013 WL 828506, at *13-15; *Hawkins,* 338 F.3d at 805; *Baumann v. Finish Line, Inc.*, 421 F. App'x 632, 636 (7th Cir. 2011). Under those circumstances

5

the courts could permissively dismiss the complaints. But here Plaintiffs have requested a stay and not all of the claims pending in this lawsuit are subject to arbitration. According to Defendants, slightly less than half of the original putative class signed Countrywide arbitration agreements. (*See* Ex. 3 Feb. 13, 2013 Email from Kyle Peterson to Ashlea Schwarz). Thus, in addition to plaintiffs Merrill and Cortez, there are approximately 1,563 Mortgage Origination Employees remaining who will be entitled to Notice of this action and extended the right to join if the Court grants Plaintiffs' forthcoming motion for conditional certification as a collective action. *Id.* Those claims remain whether or not the Court grants a stay.

Lastly, Defendants reliance on *Copello v. Boehringer Ingelheim Pharms., Inc.*, 812 F. Supp. 2d 886 (N.D. Ill. 2011), can be ignored because the case does not involve an arbitration clause. The plaintiff's FLSA claims were dismissed pursuant to a general release found in the plaintiff's severance agreement, which included a class action waiver. *Id.* at 890-97. Thereafter, the FLSA collective action claim, which was not yet conditionally certified, was dismissed because there was no remaining plaintiff to serve as the named plaintiff. *Id.* at 897 ("An FLSA collective action under § 216(b) may not proceed without a plaintiff to lead it."). While irrelevant on its facts, by analogy this case only bolsters Plaintiffs' request to amend to add additional named plaintiffs. Plaintiffs sought to add opt-in plaintiffs Merrill and Cortez as named plaintiffs so that there **would still be** representatives of the putative sub-class of Mortgage Origination Employees who did not sign an arbitration agreement and those claims could move forward before this Court.

6

**B. Judicial Efficiency Favors a Stay**

Defendants complain that Plaintiffs stated no factual or legal basis to stay the claims. But, inherent in a stay are the efficiencies and cost savings to be had by this Court and the Parties. The Seventh Circuit has held that "district courts should retain jurisdiction over a suit that must be interrupted for reference of an issue to another forum, rather than dismiss it if, should it be dismissed there might be later grounds for restating it." *Tice,* 288 F. 3d at 318. This is because the district court continues to perform significant functions under the FAA even when all of the claims are arbitrable. *Green,* 654 F. 3d at 771 (*citing* 9 U.S.C. §5 (requiring the district court to resolve disputes over appointment of arbitrators); §7 (allowing the district court to compel attendance of witnesses in arbitration); §§ 9-11 (entitling parties to obtain a judgment on an arbitration award or an order modifying or vacating the award)). Here, the claims of those Plaintiffs who signed arbitration agreements should be stayed because, win or lose, the Parties will be back before this Court at the conclusion of the arbitration to have the Arbitration Award entered as a Final Judgment. FAA, 9 U.S.C. § 9; *In the Matter of the Arbitration between P & SX-Ray Co. and U.S. Imaging, Inc.*, 1994 WL 603962 (N.D. Ill. Oct. 11); *Fitigues, Inc. v. Varat Enters., Inc.*, 813 F. Supp. 1336 (N.D. Ill. Dec. 1, 1992). Moreover, it makes the most sense for this Court, and this Judge, to hear any potential appeals given that this Judge will hear the exact same case simultaneously with Cramer and Spencer's arbitration on behalf of plaintiffs Merrill, Cortez, and the putative sub-class not subject to arbitration agreements.

### III. Plaintiffs' Request for a Stay of the Sub-Class Should Be Granted

Defendants argue that plaintiffs Cramer and Spencer cannot be permitted to represent a sub-class of other individuals whose wage claims are also subject to arbitration because the Court lacks subject matter jurisdiction over the sub-class' claims. But, the Court should grant the amendment to include the sub-class for the same reasons discussed above. Since the inception of this litigation, forty-four Mortgage Origination Employees who also signed Countrywide's arbitration agreements opted-in to this litigation. Subsequently, they filed their consent to join the collective action arbitration. (*See* Ex. 1). Those employees are entitled to a stay of their claims pending arbitration just as plaintiffs Spencer and Cramer are entitled to a stay. *See* FAA, 9 U.S.C. §3. And again, it makes economical sense—both in time and cost—to have this Court decide any subsequent issues that may arise during or after the pending arbitration. *Green*, 654 F.3d at 771. Plaintiffs Spencer and Cramer intend to move for collective action certification in the arbitration on behalf of the identified sub-class. Those claims should simply be stayed in this litigation pending the duration of the collective action arbitration.

### IV. Conclusion

Plaintiffs moved to amend their complaint and requested a stay of plaintiffs' Cramer and Spencer and certain opt-in plaintiffs' claims pending the outcome of their collective action arbitration. The Federal Arbitration Act, as well as Seventh Circuit case law, mandates that the Court grant Plaintiffs' request. Moreover, judicial economy will be conserved by this Court retaining jurisdiction, hearing any

potential disputes arising from the arbitration, and entering a final judgment at the conclusion of the arbitration. For these and the reasons discussed above, the Court should grant Plaintiffs' Motion to File Their First Amended Complaint.

Dated: April 10, 2013                                                     Respectfully submitted,

*/s/ Rowdy B. Meeks*                                                    */s/ Kenneth C. Apicella*
Rowdy B. Meeks, N.D. Ill #16068                               Kenneth C. Apicella, N.D. Ill #6269344
**Rowdy Meeks Legal Group LLC**                        **APICELLA LAW FIRM, LLC**
435 Nichols Road., Suite 200                                      800 E. Northwest Highway, Suite 422
Kansas City, Missouri 64112                                       Palatine, Illinois 60074
Tel:  (816) 977-2741                                                       Tel:   (312) 445-0542
Fax:  (816) 875-5069                                                     Fax:  (312) 261-9968
Rowdy.Meeks@rmlegalgroup.com                          KCA@apicella-law.com
www.rmlegalgroup.com                                             www.apicella-law.com


*/s/ Ashlea G. Schwarz*
George A. Hanson (admitted *pro hac*)
Ashlea G. Schwarz (admitted *pro hac*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Rd., Suite 200
Kansas City, Missouri 64112
Tel:    (816) 714-7100
Fax:   (816) 714-7101
hanson@stuevesiegel.com
ashlea@stuevesiegel.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served via the Court's CM/ECF filing system on April 10, 2013 upon the following:

Noah S. Finkel
Kyle A. Petersen
**SEYFARTH SHAW LLP**
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Phone: (312) 460-5000
nfinkel@seyfarth.com
kpetersen@seyfarth.com

Barry J. Miller
**SEYFARTH SHAW LLP**
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210-2028
Phone: (617) 946-4800
bmiller@seyfarth.com

*/s/ Ashlea G. Schwarz*
Attorney for Plaintiff