**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THOMAS CRAMER, CHRISTA SPENCER, MATTHEW MERRILL, PAUL LORENZ, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., and BANK OF AMERICA CORPORATION, <br><br> Defendants. | No. 12 C 8681 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Thomas Cramer and Christa Spencer ("Plaintiffs") brought this class action against Bank of America, N.A., and Bank of America Corporation ("Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the Illinois Wage Payment and Collection Act ("IWPCA"). Presently before the Court is Defendant's motion to dismiss Plaintiffs' claim and petition to compel individual arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. Also before the Court is Plaintiffs' motion for leave to file a First Amended Complaint. For the reasons set forth herein, Defendants' motion is denied, and Plaintiffs' motion is granted.

### BACKGROUND

Defendants provide financial and mortgage services throughout the nation, including Illinois. In July 2008, Countrywide Financial Corporation and its subsidiaries became a wholly-owned subsidiary of Bank of America Corporation. After this merger, Plaintiffs became employees of Defendants, while continuing to work as mortgage origination employees.

Plaintiffs allege Defendants misclassified their positions as exempt from the FLSA minimum wage and overtime requirement. Plaintiffs and putative class members had similar job descriptions, responsibilities, and compensation designations. Plaintiffs allege that Defendant violated the FLSA, the IMWL, and the IWPCA by failing to: (1) accurately record the hours worked by Plaintiffs; and (2) provide accurate compensation and wage statements to Plaintiffs. Further, Plaintiffs assert that Defendants' actions constitute a "willful" violation of the FLSA. *See* 29 U.S.C. § 255(a) (expanding the statute of limitations period for a cause of action arising out of a willful violation).

Plaintiffs and Defendants entered into a "Mutual Agreement to Arbitrate Claims" (the "Agreement") in 2006. Pursuant to the Agreement, the parties must submit to binding arbitration to resolve "every possible claim arising out of or relating in any way to [Plaintiffs'] employment" with Defendant. According to the terms of the Agreement, arbitration hearings are to be conducted by the National Arbitration Forum ("NAF"), the American Arbitration Association (the "AAA"), or JAMS, The Resolution Experts ("JAMS"). The Agreement instructs that the "arbitrator has exclusive authority to resolve any disputes relating to the applicability or enforceability of this Agreement."

On October 30, 2012, Plaintiffs filed a three-count complaint with the Court on their own behalf and on behalf of similarly situated individuals. Plaintiffs request a judgment against Defendants for willfully violating the FLSA, the IMWL, and the IWPCA.

On December 7, 2012, Defendant moved to dismiss this action and filed a petition to compel individual arbitration. Defendant asserts that the Agreement requires Plaintiffs to submit to binding arbitration and eliminates the Court's subject matter jurisdiction. On March 3, 2013 Plaintiffs filed a motion for leave to file a First Amended Complaint to add Mathew Merrill and

Paul Lorenz as named Plaintiffs without arbitration agreements. Plaintiffs also simultaneously filed a response to Defendants' motion to dismiss conceding that Cramer and Spencer "will file demands for arbitration." Defendant filed a consolidated reply on March 29, 2013, arguing that Plaintiffs Cramer's and Spencer's claims ought to be dismissed by this Court pursuant to Rule 12(b)(1). Defendants further requested the Court to compel individual arbitration, arguing that because the Agreement is silent as to class arbitration, class arbitration is prohibited. On April 10, 2013, Plaintiff filed a sur-reply requesting that the Court stay proceedings subject to arbitration pending the outcome of such arbitration. Plaintiffs' sur-reply also declared Plaintiffs Spencer's and Cramer's intention to pursue collective action certification in arbitration.

Spencer and Cramer filed their Demand for arbitration on behalf of themselves and all others similarly situated with the AAA on March 25, 2013. Defendants continue to refuse to consent to arbitrate on a collective basis, and have withheld their portion of the filing fee.

## DISCUSSION

### A. Legal Standards

1. Legal standard for a motion to compel arbitration

Congress enacted the FAA to "reverse the longstanding judicial hostility to arbitration agreements… and to place arbitration agreements on the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 24 (1991). Although the FAA requires federal courts to enforce arbitration agreements in accordance with their terms, *see* 9 U.S.C. § 4 (2000); *see also Volt Info. Sci.'s, Inc. v. Bd. of Tr.'s of Leland Stanford Junior Univ.,* 489 U.S. 468, 474–75 (1989), the United States Supreme Court has held that an arbitrator – not the court – should resolve class arbitrability disputes where the arbitration agreement is silent on the issue. *See Green Tree Fin. Corp. v. Bazzle,* 539 U.S. 444 (2003) (plurality opinion). More recently, the

Supreme Court narrowed its *Bazzle* holding by declaring "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S.Ct. 1758 , 1775 (2010) (emphasis in original). The court is "obliged to enforce the type of arbitration to which [the] parties agreed." *Livingston v. Assocs. Fin., Inc.*, 339 F.3d 553, 558 (7th Cir. 2003).

If the Court is satisfied that the parties agreed to arbitrate, it must promptly compel arbitration. 9 U.S.C. § 4. A court may not deny a party's request to arbitrate an issue "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1032–33 (7th Cir. 2012) (internal citations and quotations omitted).

2. Legal standard for a Rule 12(b)(1) motion to dismiss

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a court's subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The federal courts are courts of limited subject matter jurisdiction; possessing only those powers authorized or expressly conferred upon them by Article III of the Constitution and by Congress. *See* U.S. Const., art. III §§ 1, 2; U.S. Const., art. I § 8; *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."). Therefore, the objection presented by a Rule 12(b)(1) motion challenges the Court's subject matter jurisdiction in that the Court has no authority or competency to hear and decide the case before it. *Int'l Union of Operating Eng'rs Local 150, AFL–CIO v. Ward*, 563 F.3d 276, 280–82 (7th Cir. 2009).

The standard of review for a Rule 12(b)(1) motion to dismiss depends upon the purpose of the motion. *United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc ), *overruled on other grounds by Minn–Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845, 852 (7th Cir. 2012). The Court analyzes the motion to dismiss under Rule 12(b)(1) as any other motion to dismiss: assuming for purposes of the motion that all of the well-pleaded allegations in the complaint are true and drawing all reasonable inferences in favor of the nonmoving party. *Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). But the Court may properly look beyond the jurisdictional allegations in the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists. *Apex Digital, Inc. v. Sears Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009). In deciding a Rule 12(b)(1) motion, a court may weigh the evidence to determine whether jurisdiction has been established. *United Phosphorous*, 322 F.3d at 946. The burden of proving that jurisdiction exists is on the party invoking the court's jurisdiction, usually the plaintiff. *Id.*

   3.  Legal Standard for a Rule 15(a) motion for leave to amend

Pursuant to Federal Rule of Civil Procedure 15(a), courts "freely give leave [to amend] when justice so requires." Absent a good reason for denial, such as unfair surprise or prejudice to the opposing party, a motion seeking leave to amend should be granted. *See, e.g.*, *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989).

**B. Application**

The parties do not dispute the validity of the Agreement signed by Plaintiffs Cramer and Spencer. Nor do the parties dispute the applicability of the Agreement to the instant claims. Defendants, however, assert Cramer's and Spencer's claims ought to be dismissed with prejudice, urge the Court to compel *individual* arbitration, and request leave be granted to amend the complaint only insofar as to replace Cramer and Spencer with Merrill and Lorenz. Plaintiffs

request the arbitrable claims to be stayed, rather than dismissed, and request leave to amend for the purpose of creating a subclass of Plaintiffs who signed Countrywide arbitration agreements, to be represented by Cramer and Spencer.

1. Defendants' Petition to Compel Individual Arbitration

Defendant argues that because the Agreement is silent as to class arbitration, the parties did not agree to arbitrate class claims, and therefore the Court may only refer Plaintiff's individual claims to arbitration. *See Stolt-Nielsen*, 130 S.Ct. at 1775. Plaintiffs presented no argument to suggest I find an implicit or explicit authorization of class-arbitration in the Agreement. Plaintiffs merely declare Spencer's and Cramer's intent to move for collective action certification in the arbitration proceedings.

When the parties have signed an arbitration agreement, the only questions that are properly decided by a court are threshold questions of substantive arbitrability: whether the parties agreed to arbitrate a particular issue. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002). These "gateway disputes" of substantive arbitrability that a court may resolve include: "(1) a dispute regarding whether the parties are bound by a given arbitration clause; and (2) a disagreement about whether an arbitration clause in a concededly binding contract applies to a particular type of controversy." *Employers Ins. Co. of Wausau v. Century Indem. Co.*, 443 F.3d 573, 576 (7th Cir. 2006) (quoting *Howsam*, 537 U.S. at 84). Neither of these "gateway issues" are disputed by the parties.

Defendants' argument that the Agreement does not permit class arbitration raises a question of procedural arbitrability. *See Blue Cross Blue Shield of Massachusetts, Inc. v. BCS Ins. Co.*, 671 F.3d 635, 640 (7th Cir. 2011); *see also Employers Ins. Co. of Wausau v. Century Indem. Co.*, 443 F.3d 573 at 577 ("We find based on *Howsam* that the question of whether an

arbitration agreement forbids consolidated arbitration is a procedural one, which the arbitrator should resolve."). The Supreme Court's decision in *Stolt-Nielson* did not make this a "gateway" question for the Court but merely held that: (1) the arbitration panel allowed class arbitration for improper reasons; and (2) the particular agreement at issue in *Stolt–Nielsen* could not be interpreted to allow class arbitration. *Price v. NCR Corp.*, 2012 WL 6103205, at *4 (N.D. Ill. 2012) (citing *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1750 (2011)).

Since questions of procedural arbitrability are reserved for an arbitrator and there is no dispute over substantive arbitrability in the instant case, Defendants' petition to compel individual arbitration should be decided by the arbitrator.

On March 25, 2013 Plaintiffs Cramer and Spencer filed their Demand for arbitration with the AAA on behalf of themselves and all others similarly situated. Defendants have since refused to pay their share of the filing fee, contending that they did not agree to arbitrate on a class or collective basis. Plaintiffs now argue that, by refusing to pay the filing fee, Defendants are in default under the FAA and have waived their right to arbitrate. I disagree. It is understandable that Defendants would wish to withhold their consent to arbitrate on a collective basis pending this Court's disposition of the instant motions. Now, with the Court having concluded that it is the arbitrator who is to determine whether the Agreement permits arbitration on a collective basis, the parties may move forward with the arbitration process, as required by the Agreement. Clearly, a threshold question for the arbitrator will be whether the Agreement permits the consolidated arbitration that Cramer and Spencer seek.

2. Defendants' 12(b)(1) Motion

The Defendants also move to compel arbitration pursuant to Rule 12(b)(1) because they contend that the Agreement divests the Court of subject matter jurisdiction over Cramer's and Spencer's cause of action.

The Seventh Circuit has not directly spoken on the applicability of Rule 12(b)(1) to the dismissal of an action when a court grants a motion to compel arbitration. And this District has before treated motions to compel arbitration as assertions of a divestment of subject matter jurisdiction, thus dismissing the suit for want of subject matter jurisdiction when compelling arbitration. *See, e.g.*, *Johnson v. Orkin, LLC*, 2013 WL 828506, at *6 (N.D. Ill. 2013) (collecting cases). However, in *Johnson* (and the other cases relied upon by Defendants), the plaintiffs did not request a stay.

Moreover, § 3 of the FAA governs cases involving arbitration agreements. This section provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall* on application of one of the parties stay the trial of the action *until such arbitration has been had* in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphases added). "The use of the word 'shall' rather than 'may' in Section 3 indicates that a district court, when presented with an application for a stay of proceedings pending arbitration, must grant the requested stay where two conditions are satisfied: (1) the issue is one which is referable to arbitration under an agreement in writing for such arbitration,

and (2) the party applying for the stay is not in default in proceeding with such arbitration." *C. Itoh & Co. (Am.) Inc. v. Jordan Int'l Co.*, 552 F.2d 1228, 1231 (7th Cir. 1977).

Plaintiffs requested a stay for reasons of judicial efficiency and expressed an intention to return to this Court for entry of a final judgment upon completion of their arbitration proceedings. After finding that all Counts of Cramer's and Spencer's complaint are subject to arbitration, and that Plaintiffs are not in default in proceeding with arbitration, I am obligated to stay Cramer's and Spencer's claims upon request, pending completion of arbitration. *See, e.g.*, *Nissan Forklift Corp. v. Zenith Fuel Sys., L.L.C.*, 2006 WL 643937 (N.D. Ill. 2006).

3. Plaintiffs' Rule 15(a) Motion for Leave to Amend

Plaintiffs seek to amend the complaint by adding two named plaintiffs, Merrill and Lorenz, to represent the class members who did not sign Countrywide arbitration agreements, and by retaining Cramer and Spencer as the named plaintiffs representing a subclass of individuals that did sign such agreements. Defendants' object to Plaintiffs' motion only by asserting Cramer and Spencer cannot remain in the lawsuit to represent a subclass. This objection rests on Defendants' assertion that "Cramer and Spencer no longer have a claim against Defendants that is properly before this Court, and therefore, they cannot litigate on behalf of themselves or any putative class." Defs.' Reply Br. at 7–8. But as discussed *supra*, by compelling arbitration, this Court is not divested of subject matter jurisdiction over Cramer's and Spencer's claims.[1]

---

[1] In light of Section 3 of the FAA and the Court's interest in retaining jurisdiction over this case, a denial of a stay or a motion for leave to amend would be improper remedies to cure Defendants' concern regarding class notification of Plaintiffs' putative subclass. Rather, concerns over an improper use of court-ordered notification is more appropriately considered and addressed in connection with a motion to certify Plaintiffs' collective action. *See, e.g.*, *Smallwood v. Illinois Bell Tel. Co.*, 710 F. Supp. 2d 746, 751–53 (N.D. Ill. 2010) (discussing defendant's objections to plaintiffs' proposed notification following a decision on the merits of plaintiffs' motion for conditional certification).

9

Therefore, absent a showing of unfair surprise or prejudice to the opposing party, *see Toth*, 883 F.2d at 1298, I will grant Plaintiffs' motion seeking leave to amend.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is DENIED and Plaintiffs' motion for leave to amend is GRANTED.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: May 30, 2013