UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS CRAMER, CHRISTA SPENCER, MATTHEW MERRILL, PAUL LORENZ, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION,<br><br>Defendants. | No. 12 C 8681<br>Judge James B. Zagel |

**MEMORANDUM OPINION AND ORDER**

Named plaintiffs Thomas Cramer, Christa Spencer, Matthew Merrill, and Paul Lorenz, on behalf of themselves and other similarly situated, have brought this action against defendant Bank of America for violation of the overtime wages provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. Currently before the Court is Plaintiffs' motion to conditionally certify a putative class of employees so that the claim may proceed collectively pursuant to 29 U.S.C. § 216(b). For the following reasons, Plaintiffs' motion for conditional class certification is granted in part and entered and continued in part.

**BACKGROUND**

The named plaintiffs are former "Loan Officers" and "Mortgage Loan Associates" (collectively referred to by Plaintiffs as "Loan Originators") for Defendant. As of late August of this year, 95 additional Loan Originators have opted into this action. Plaintiffs assert that, despite their different individual job titles, all Loan Originators shared a common principal job duty – selling mortgage products to individual consumers. According to the complaint, Loan

1

Originators at Bank of America routinely work in excess of 40 hours per week, but, in violation of the FLSA, they are not paid overtime wages.

Plaintiffs have proposed two sub-classes of Bank of America employees. Sub-class I consists of employees holding at least one of seven job titles, all collectively referred to as "Loan Officers" by Plaintiffs. Plaintiffs assert that Defendant has improperly classified the employees in Sub-class I as exempt from the FLSA overtime wage requirements.

Sub-class II consists of a different set of Bank of America employees – Mortgage Loan Coordinators, Mortgage Loan Consultants and Mortgage Loan Associates.[1] Plaintiffs contend that, despite classifying these employees as non-exempt from the FLSA overtime wage requirements, Defendant has indeed wrongfully denied them overtime wages.

Plaintiffs assert that the employees in each sub-class are similarly situated with respect to the work they performed for Defendant, and that they were all injured by Defendant's alleged policy of denying such employees overtime wages.

## DISCUSSION

Courts in this district have adopted a two-step process for determining whether an FLSA suit should proceed as a collective action. *See, e.g., Kelly v. Bank of America*, 2011 WL 4526674 *2 (N.D.Ill. Aug. 30, 2011); *Betancourt v. Maxim Healthcare Services, Inc.*, 2011 WL 1548964 *4 (N.D.Ill. April 21, 2011); *Jirak v. Abbot Laboratories, Inc.*, 566 F.Supp.2d 845, 847 (N.D.Ill. 2008).

In the first step, plaintiffs must make a modest factual showing that they and the members of the potential class are similarly situated, and that they were injured by a common policy or plan that violated the law. *See Betancourt*, 2011 WL 1548964 at *4 (citing cases); *Jirak*, 566

---

[1] During the course of briefing this motion, and as will be discussed in more detail *infra*, Plaintiffs have now voluntarily excluded Mortgage Loan Coordinators and Mortgage Loan Consultants from the class.

F.Supp.2d at 847-48. Courts in this district have held this showing to a lenient standard.[2] Where a plaintiff satisfies this requirement, the court may grant "conditional certification" of the collective action, aptly named given the court's less searching review of the plaintiff's factual showing.

The second step occurs after the parties have engaged in discovery and the class member opt-in process is complete. There, the court's inquiry is far more stringent. With the benefit of seeing the precise makeup of the class, and with both parties having had the benefit of full discovery, the court will reevaluate its conditional certification of the class to determine if the matter may appropriately proceed to trial on a collective basis. Whether the class should be decertified as insufficiently similarly situated can be adversarially tested with the benefit of a more fully developed record. The animating principal of the inquiry shifts from whether notice should be authorized to inform potential class members of the pending case to whether the case can actually be tried as a collective action. *See Betancourt*, 2011 WL 1548964 at *12 (citing *Petersen v. Marsh USA, Inc.* 2010 WL 5423734, at *5 (N.D.Ill. Dec.23, 2010).

**A. Sub-class I**

Sub-class I consists of "Loan Originators" falling under any of seven different job codes: Retail Sales Managers, Account Executives, Loan Line Sales Managers, Sales Leaders, Managers NCS Production, Loan Line Sales Assistant Managers, and Renovation Loan Originators. Plaintiffs refer to this class of employees collectively as "Loan Officers."

Plaintiffs assert, with sworn declarations from the named plaintiffs and numerous opt-in plaintiffs in support, that all of these employees have the same basic job: selling mortgage products to individual customers. Plaintiffs assert that their job performances are evaluated on

---

[2] The Seventh Circuit itself has yet to define the standard by which the showing is to be evaluated, but the "lenient" standard appears to be applied uniformly among courts in this District. **[STRING CITE.]**

3

the same basis, that they accomplish their duties by performing largely the same set of tasks, that any one of these employees may fill in for another, and that they regularly share the same work place.

Plaintiffs also assert that Defendant instructs these "loan officers" that they are not eligible for overtime. That these employees do not receive additional compensation for hours worked beyond 40 in a work-week does not appear to be in dispute. Plaintiffs assert that loan officers routinely work in excess of 40 hours per week, however, and that they work without full compensation due to Defendant's policy of denying its loan officers overtime earnings.

Taken together, and mindful of the lenient standard applicable here at the first stage of class certification, I find that Plaintiffs' showing that they and the putative class members are similarly situated and have been injured by Defendant's common policy is sufficient to grant conditional certification of Plaintiffs' Sub-class I.

Defendant contends that differences exist among the job descriptions of the various putative class members such that the employees cannot be found to be similarly situated. This simply raises a level of abstraction problem. Viewed under Defendant's microscope, the employees perform vastly different tasks under different circumstances and by different means. From Plaintiffs' perspective, naturally at a higher level of generality, the similarities are plain and the differences immaterial.

Plaintiffs have the better of it at this stage. Reviewing the characteristics of the putative class from a higher level of generality is consistent with the more lenient standard of review applicable here. As discussed above, greater scrutiny will apply at the second stage, when both parties, Plaintiffs in particular, will be better equipped to argue the merits of proceeding collectively under closer scrutiny with the benefit of a more complete factual record. *See*

4

*Johnson, et al. v. Big Lots Stores*, 561 F.Supp.2d 567, 578-79 (E.D.La. 2008) (acknowledging the analysis at a "high level of generality" applicable at the conditional certification stage); *see also Gromek v. Big Lots, Inc.*, 2010 WL 5313792 (N.D.Ill. Dec. 17, 2010) (dismissing a high level of generality in favor of closer review, but only in the context of a case involving a defendant who had already defended an identical claim that had been conditionally certified and then decertified after trial).

Defendant also argues that these employees fall under at least one of the several exemptions to the overtime pay requirement provided by the FLSA. The individualized determinations as to whether a given exemption applies to a given employee, Defendant contends, will render trial of the claims on a collective basis unmanageable. That may well prove to be the case, but the argument is premature. The standard of review at the first stage of certification is insufficiently searching to reach the applicability of FLSA exemptions. *See Kelly v. Bank of America*, 2011 WL 4526674 at *3; *Betancourt*, 2011 WL 1548964 at *12; *Rottman v. Old Second Bancorp, Inc.*, 735 F.Supp.2d 988 (N.D.Ill. 2010). The question is more appropriately addressed at stage two, after such factual issues can be more fully explored through discovery. *See Jirak*, 566 F.Supp.2d at 850.

Among the virtues of the low bar in the first step of the certification process for collective actions brought under the FLSA is the furtherance of a public policy that favors access to collective actions. Collective actions facilitate bringing claims that might otherwise be abandoned, not because they are without merit, but because the costs of litigation on an individual basis are simply too high. And courts have means other than denying conditional certification to protect against unscrupulous plaintiffs seeking only to prolong litigation and drive up the cost of defending a claim. *See Betancourt*, 2011 WL 1548964 at *5.

But just as a standard of review that permits an underinclusive set of claims to proceed collectively would come at a cost, so too does a standard of review that permits an overinclusive set of claims to proceed collectively. One could not blame Defendant for feeling as though the position in which it finds itself here is an example of that cost. And one similarly cannot blame Defendant's counsel for endeavoring to short-circuit the certification process by essentially skipping the first step on the assurance that the claim is doomed at the second.

The potential problems Defendant has raised in opposition to proceeding with this claim collectively appear to be material, and Plaintiffs appear to have their work cut out for them. *Cf. Shiner v. Select Comfort Corp.*, 2009 WL 4884166 *4 (N.D.Ill. Dec. 9 2009). But at this point they are only potential problems. A court cannot preemptively grant a defendant summary judgment because the defendant assures the court that disputed material facts will be resolved in his favor simply to save the time and expense of trial. *See Betancourt*, 2011 WL 1548964 at *13, n. 7. So too here. We will revisit the issue at the close of discovery.

**B. Sub-class II**

Plaintiffs initially defined Sub-class II as including Mortgage Loan Coordinators, Mortgage Loan Consultants, and Mortgage Loan Associates ("MLAs") whom, despite their classification as non-exempt from the FLSA's overtime pay requirements, Defendant treated as exempt employees not entitled to overtime compensation. In Plaintiffs Reply Brief, however, Plaintiff voluntarily removed Mortgage Loan Coordinators and Mortgage Loan Consultants from the class. Plaintiffs have conceded that, through the course of the limited discovery that occurred prior to briefing on conditional certification, they learned that these employees were not treated as exempt.

In a Sur-Reply, Defendant has asserted that evidence similar to that which prompted

Plaintiffs to voluntarily exclude Mortgage Loan Coordinators and Mortgage Loan Consultants suggests that MLAs also should be excluded. Plaintiffs have responded to Defendant's Sur-Reply only insofar as to oppose its filing. I have since granted Defendant leave to file the Sur-Reply, and Plaintiffs are now directed to respond to Defendant's substantive argument with respect to MLAs – particularly with respect to Defendant's contention that the reasoning underlying Plaintiffs' decision to remove Mortgage Loan Coordinators and Consultants from the class applies as well to Mortgage Loan Associates.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for conditional certification is granted as to Sub-class I, and it is entered and continued as to Sub-class II. Consistent with this Order, Plaintiffs may file a written response to Defendant's Sur-Reply on or before December 18, 2013. Alternatively, Plaintiffs may respond to Defendant's Sur-Reply orally at the next hearing, set for December 11, 2013.

ENTER:

James B. Zagel
United States District Judge

DATE: December 10, 2013